IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03115-BNB

J M (MARIA J) FAY,

      Plaintiff,

v.

UNITED STATES DISTRICT COURT CO DIVISION,
JUDGE BOLAND,
CHIEF JUDGE OF THE USDC CO DIVISION,
UNITED STATES BANKRUPTCY COURT CO DIVISION,
JUDGE ROMERO, and
CHIEF JUDGE OF THE USBC CO DIVISION,

      Defendants.

---

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND DISMISSING CASE

---

Plaintiff, J M (Maria J) Fay, who resides in Denver, filed *pro se* a Motion and

Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and a

Complaint (ECF No. 1) pursuant to the Americans With Disability Act (ADA), 42 U.S.C.

§ 12101, *et seq.*, seeking injunctive relief and unspecified money damages.  She also

has filed a motion for injunctive relief (ECF No. 4).

Ms. Fay will be granted leave to proceed pursuant to the federal *in forma*

*pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to

dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks

monetary relief against a defendant who is immune from such relief.  A legally frivolous

claim is one in which the plaintiff asserts the violation of a legal interest that clearly does

not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Ms. Fay's Complaint liberally because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court does not act as an advocate for a *pro se* litigant.  *See id.*  For the reasons stated below, the Complaint and the action will be dismissed.

Ms. Fay generally alleges that Defendants are discriminating against her by not allowing low-income, disabled, or incarcerated persons to file lawsuits in their courts and receive redress.  As her first claim, she complains that she tried to initiate cases in this Court on two prior occasions "over the past year," ECF No. 1 at 2, and disagrees with rulings by Magistrate Judge Boyd N. Boland in those cases.  She fails to provide any case numbers for the two cases.

A search of the Court's case management/electronic case filing (CM/ECF) system shows that Ms. Fay has initiated eleven cases since 1997.  The Court may take judicial notice of its own records and files that are part of the Court's public records. *See, e.g.*, Wolf v. Suthers, No. 13-cv-00234-BNB (D. Colo. filed Jan. 30, 2013); *see also St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).  The most recent cases are *Fay v. State of Colorado*, No. 13-cv-01164-LTB (D.

2

Colo. June 13, 2013), and *Fay v. State of Colorado*, No. 13-cv-01165-LTB (D. Colo. July 19, 2013), two ADA cases dismissed without prejudice for failure to file an amended Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and for failure to prosecute.

In No. 13-cv-01164-LTB, Ms. Fay alleged that the Arapahoe Library District is discriminating against low-income, disabled, and minority residents to accommodate non-resident library use. She further complained that she has been banned from the library since March 28, 2011, for various misbehavior and has picketed the library approximately one hour a day since March 31, 2011. In No. 13-cv-01165-LTB, Ms. Fay contended that she has experienced operator and technical issues making tdd/relay calls from her home since August 2012. She also complains she experienced difficulties in making telephone calls when she was incarcerated at the Arapahoe County Jail from February 13 to April 2, 2013. Dismissing these two cases without prejudice for failure to file an amended Complaint as directed and for failure to prosecute does not equate to not allowing Ms. Fay to file a lawsuit.

As her second claim, Ms. Fay complains that the library in unincorporated Arapahoe County discriminates against low-income, disabled, and minority individuals and that "Judge Boland does not have a problem with the state of CO allowing people within the same taxing district to get substantially less services." ECF No. 1 at 4.

As her third claim, she complains about Judge Michael E. Romero's enforcement of a policy in the United States Bankruptcy Court (Bankruptcy Court) that effectively required her to use a computer at her local library. Apparently, she is referring to *In re: Maria J. Fay*, No. 04-35439-MER (Bankr. D. Colo. 2007), a Chapter 7 voluntary petition

closed on December 10, 2007.  *See* No. 04-35439 at ECF No. 184.

As her fourth and final claim, Ms. Fay argues that Defendants are working with other federal, state, and county agencies to harm low-income, disabled, and incarcerated persons.

Ms. Fay cannot obtain the relief she wanted in her two most recent ADA lawsuits, No. 13-cv-01164-LTB and No. 13-cv-01165-LTB, or her Bankruptcy Court case, No. 04-35439-MER, by suing the judicial officers who presided over those lawsuits.  Judges Boland, Romero, and the Chief Judges of this Court and the Bankruptcy Court are entitled to absolute immunity from liability for actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. 356–57.  Judicial officers are explicitly immunized not only against damages but also against suits for injunctive relief.  *See Ysais v. New Mexico*, No. 09-2109, 373 F. App'x 863, 866 (10th Cir. April 16, 2010) (unpublished).  Although these cases discuss judicial immunity in the context of civil rights suits pursuant to 42 U.S.C. § 1983, no federal statute needs specifically to exclude judges in order for a judge to be entitled to judicial immunity.  *See 15 Corporations, Inc. v. Denver Prosecutor's Office*, No. 13-cv-00251-WJM-MJW, 2013 WL 5781161, at *5 (D. Colo. Oct. 25, 2013) (unpublished).  Ms. Fay makes no argument that the Defendant judges acted outside of their authority or went beyond their jurisdiction.

Ms. Fay also may not sue this Court or the Bankruptcy Court.  The United States,

4

as sovereign, is immune from suit unless it expressly consents to be sued.  *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 410 (1971); *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989).  The Complaint and the action will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous and for seeking monetary relief against Defendants immune from such relief.  Ms. Fay is warned that the Court can and will impose appropriate sanctions if she persists in engaging in frivolous lawsuits against individuals and entities immune from suit.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Ms. Fay files a notice of appeal she also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is granted.  It is

FURTHER ORDERED that the Complaint (ECF No. 1) and action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for seeking monetary relief against Defendants immune from such relief.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.   It is

FURTHER ORDERED that the motion for injunctive relief (ECF No. 4) and any other pending motions are denied as moot.

DATED at Denver, Colorado, this __20th__ day of ___November_____, 2013.

BY THE COURT:


__ s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court